IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-CV-891-RPM

BRIAN MILLER, PH.D.,

    Plaintiff,

v.

MARILYN MANCO-JOHNSON, M.D., and

BRENDA RISKE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 9 2005

GREGORY C. LANGHAM
CLERK

---

### STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION

---

The parties, by counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

1. This Protective Order shall apply to all documents, materials and information designated as "Confidential" pursuant to the terms of this Protective Order and disclosed pursuant to disclosure and/or discovery duties regarding this case.

2. As used herein, "document" is defined as in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as confidential shall be defined as: (a) documents, material and information produced by or obtained through releases from Plaintiff concerning employment, medical, financial and/or tax records; and (b) documents,

1

material and information produced by or obtained through releases from Defendants concerning confidential personnel information or records; and (c) confidential documents concerning investigations undertaken by the University of Colorado.

4. Confidential documents, material and information shall not be disclosed for any purpose except the preparation and trial of this case.

5. Confidential documents, material and information (collectively, "confidential information") shall not be disclosed without the consent of the producing party or further Order of the Court *except* that such confidential information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in trial preparation, at trial, or for other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this case, to the extent disclosure is necessary for trial preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("court personnel")

(f) stenographic reporters engaged in proceedings incident to this case;

(g) deponents, witnesses or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any confidential information to any person listed above (other than attorneys actively working on this case, persons employed or associated

2

with the attorneys actively working on the case, court personnel and stenographic reporters), counsel shall provide said person(s) with a copy of this Protective Order and obtain verbal or written agreement that he or she will be bound by its provisions.

7. Documents are designated as confidential by affixing "confidential", or other appropriate notice, on the documents in a manner that does not interfere with the documents' legibility.

8. Whenever a deposition involves the disclosure of confidential information, the depositions or portions thereof shall be designated as confidential and shall be subject to the provisions of this Protective Order. Designation shall be made on the record or within thirty (30) days after notice by the court reporter of completion of the transcript.

9. A party may object to the designation of information as confidential by written notice to the designating party. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection within ten (10) business days after notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting the Court determine whether the disputed information should be subject to the terms of this Protective Order within fifteen (15) days of the aforementioned notice. If a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If a motion hereunder is not timely filed, the information shall not be treated as confidential. The party designating information as confidential shall bear the burden of establishing good cause for treating said information as confidential.

3

10. The terms of this Protective Order shall survive the termination of this action and all protections hereunder remain in effect in perpetuity.

11. This Protective Order may be modified by the Court for good cause shown following notice to all parties and an opportunity for them to be heard. The parties acknowledge that the Court retains the right to alter, amend, or otherwise change this Protective Order. The parties, agree, however, that the Order shall remain in effect until further notice is received from the Court.

12. Review of materials produced under this Protective Order will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or in camera disclosure of documents covered by this Protective Order shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

13. Stamped confidential documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes in the confidential documents are relevant to the motion. A party contemplating filing material subject to this Protective Order with the Court, shall also comply with the provisions of D.C. Colo. L.Civ.R. 7.2 by filing an appropriate motion with this Court requesting that the materials be filed under seal. Any materials submitted in connection with such a submission shall be submitted in compliance with the provisions of D.C. Colo.LCiv.R 7.3. All materials so filed with the

Court shall be maintained by the Clerk of the Court under seal and shall be released only upon further Order of the Court.

STIPULATED AND APPROVED AS TO FORM this 7th day of November, 2005.

*(signature)*
David Angle
Angle & Angle, LLC
1881 9th Street, Suite 315
Boulder, CO 80302
303-443-2200
Attorney for Plaintiff

*(signature)*
J. Andrew Nathan
Allyson C. Hodges
Nathan, Bremer, Dumm & Myers, P.C.
3900 East Mexico Ave., Suite 1000
303-691-3737
Attorneys for Defendants

DONE AND ORDERED this 9th day of November, 2005.

BY THE COURT

*(signature)*

5